# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BRIAN BURTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No: 5:13-cv-00919-MHH |
| | ) |
| **MAPCO EXPRESS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### MAPCO EXPRESS, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER AND STAY

MAPCO Express, Inc. ("MAPCO") hereby moves the Court to dismiss or transfer and stay the suits styled *Davis v. Mapco Express, Inc., et al*, Case No. 4:13-cv-01133-RBP (the "Davis Action") and *Yeager v. Mapco Express, Inc., et al*, Case No. 7:13-cv-01141-RDP (the "Yeager Action") under the first filed rule. *See Collegiate Licensing Co. v. Am. Cas. Co.*, 713 F.3d 71, 80–81 (11th Cir. 2013). The Davis and Yeager Actions are identical to the earlier-filed *Burton v. Mapco Express, Inc.*, Case No. 5:13-cv-00919-MHH (the "Burton Action"). Under the first filed rule, the Burton Action takes precedence, and the Davis and Yeager Actions are due to be either dismissed or stayed and transferred to Judge Haikala.

This motion is being filed in the Burton, Davis, and Yeager Actions contemporaneously.

## FACTS

The Davis and Yeager Actions are virtually identical to an action filed by plaintiff Brian Burton against MAPCO.  *See Burton v. Mapco Express, Inc.*, Case No. 5:13-cv-00919-MHH.  Burton's complaint is attached hereto as Exhibit A; Davis's complaint is attached as Exhibit B; and Yeager's complaint is attached as Exhibit C.

All three actions seek the same relief on behalf of the same putative class against MAPCO.  The class definitions are practically word-for-word identical:

| *Burton* Class Definition | *Davis* Class Definition | *Yeager* Class Definition |
|---|---|---|
| "[A]ll persons or entities in the United States who have had personal or financial data stolen from MAPCO's computer network and who were damaged thereby." (Exhibit A at ¶ 13). | "[A]ll persons or entities in the United States who have had personal or financial data stolen from MAPCO's and DELEK's computer network and who were damaged thereby." (Exhibit B at ¶ 14). | "[A]ll persons or entities in the United States who have had personal or financial data stolen from MAPCO's and DELEK's computer network and who were damaged thereby." (Exhibit C at ¶ 14) |

All three actions assert the exact same negligence claim, based on the same alleged duties.  (*Compare* Exhibit A at ¶¶ 21–32 *with* Exhibit B at ¶¶ 22–33 *and* Exhibit C at ¶¶ 22–33).  All three actions assert the same common questions of law (*compare* Exhibit A at ¶ 16 *with* Exhibit B at ¶ 17 *and* Exhibit C at ¶ 17), and all allege – perhaps beyond what credulity can bear – that the respective plaintiffs do not know of other similar cases.  (*Compare* Exhibit A at ¶ 19(c) *with* Exhibit B at ¶ 20(c) *and* Exhibit C at ¶ 20(c)).  The only reason the parallel allegations in two of

the three complaints have different paragraph numbers is that Davis and Yeager included an extra paragraph about MAPCO's sole stockholder, Delek US Holdings, Inc. ("Delek").  (Exhibit B at ¶ 6; Exhibit C at ¶ 6).

Burton filed his complaint on May 14, 2013.  Davis filed her version on June 14, 2013 – one month after Burton.  Yeager filed three days after Davis on June 17.

## ARGUMENT

The first-filed rule applies where "two actions involving overlapping issues and parties are pending in two federal courts." *Manual v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).  Where issues and parties overlap, "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Id*.  Absent "compelling circumstances," the first court to obtain jurisdiction should hear the case. *Collegiate Licensing Co.*, 713 F.3d at 78; *Merril Lunch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982).

Here, the Burton Action inarguably predates the Davis and Yeager Actions.  And the three complaints allege the same claim on the same facts, which is more than sufficient to make the actions substantially overlapping.[1]  Therefore, the only

---

[1] *See*, *e.g.*, *SunSouth Bank v. Nashyork, LLC*, 2013 WL 500348 at *2 (M.D. Ala. Feb. 11, 2013) ("For the first-filed rule to apply, the two cases need not be identical; rather 'the crucial inquiry is one of substantial overlap'") (quoting *Save*

issue that requires any analysis is whether the Burton, Davis, and Yeager Actions involve the same parties.  They do.

*Same Plaintiffs*:   Burton, Davis, and Yeager count as the same plaintiffs because they seek to represent the exact same classes: when applying the first filed rule "'[i]n a class action, the classes, and not the class representatives, are compared.'" *Catanese v. Unilever*, 774 F. Supp. 2d 684, 688 (D.N.J. 2011) (quoting *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008)).  The rationale supporting this rule is that "[i]f nationwide classes were certified in both actions, each of the named plaintiffs would be included in the other's class," leading to "substantial duplication of effort, and worse, potentially inconsistent rulings." *Id*.

Numerous courts have applied the first filed rule to cases with overlapping class definitions but different named plaintiffs. *See*, *e.g.*, *id*. at 688–89; *Abbate v. Wells Fargo Bank, N.A.*, 2010 WL 3446878 at *5 (S.D. Fla. Aug. 31, 2010) (transferring class action brought by one noteholder to court entertaining nine other

---

*Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)); *Glycobiosciences, Inc. v. Nycomed U.S., Inc.*, 2012 WL 540928 at *2 (E.D.N.Y. Feb. 15, 2012); *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.,* 2009 WL 1845236 at *6 (E.D. Pa. June 26, 2009); *White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008) ("The first-to-file rule does not, however, require that cases be identical, but merely that there is a substantial overlap in issues and parties") (quotation omitted).

class noteholder class actions against same or related defendants); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689 (E.D. Tenn. 2005) (transferring under first filed rule where different named plaintiff brought similar claims on behalf of the same class as the first filed action); *White v. Microsoft Corp.*, 2006 U.S. Dist. LEXIS 77010 (S.D. Ala. Apr. 3, 2006) (staying second-filed class action pending resolution of class-related issues in earlier filed class action).[2]

---

[2] *See also Troche v. Bimbo Foods Bakeries Distrib., Inc.*, 2011 WL 3565054 at *3 (W.D.N.C. Aug. 12, 2011) (transferring class action under first filed rule where plaintiff in second filed suit sought to represent identical class as first filed action, even though plaintiffs in the two actions were different); *In re HQ Sustainable Mar. Indus., Inc., Derivative Litig.*, 826 F. Supp. 2d 1256 (W.D. Wash. Nov. 28, 2011) (granting stay of shareholder derivative action pending resolution of earlier-filed securities class action); *Parkis v. Microsoft Corp.*, 2009 WL 1585003 (N.D.N.Y. June 4, 2009) (staying second-filed class action pending class certification decision in first-filed action); *Perkins v. American Nat'l Ins. Co.*, 446 F. Supp. 2d 1350 (M.D. Ga. 2006) (ordering defendant in first-filed action to file motion to stay in second-filed action, even though the parties had already reached—and the court had given preliminary approval to—a class action settlement in the second-filed action*); Weinstein v. Metlife, Inc.*, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) (staying second-filed class action whose claims and proposed class definition overlapped with earlier-filed class action). *See also Tate-Small v. Saks Inc.*, 2012 WL 1957709 (S.D.N.Y. May 31, 2012) (ordering transfer of second-filed New York class action to California, and consolidation with earlier-filed class action); *Worthington v. Bayer Healthcare, LLC*, 2012 WL 1079716 (D.N.J. Mar. 30, 2012) (dismissing 3 later-filed class actions in light of pendency of overlapping, prior-filed class action); *Goldsby v. Ash*, 2010 WL 1658703 (M.D. Ala. Apr. 22, 2010 (ordering transfer of later-filed collective action to the Southern District of Alabama, for consolidation with earlier-filed collective action pending there).

Moreover, even apart from the identical classes, the similarity of the issues alone would justify applying the first filed rule. The Middle District of Alabama recently transferred a case involving different parties engaged in litigation with a common opponent about the same issues. *See SunSouth*, 2013 WL 500348 at *3. The party resisting transfer (the bank) argued against transfer because "except for the bank, the parties are different." *Id*. The court rejected this argument because "[a]lthough [the common party's] litigation opponents in both cases differ, they all stand in relation to the bank in the same way." *Id*. Here, Burton, David, and Yeager stand in relation to MAPCO in the same way. All three allege themselves to be MAPCO customers who suffered the same tort arising out of the same facts and causing the same types of alleged harm. Therefore, the Court should dismiss or stay and transfer the Davis and Yeager Actions even without the overlapping class definitions. With the overlapping classes, the rule applies all the more forcefully.

*Same Defendants*: Davis and Yeager named both MAPCO and Delek as defendants, but the inclusion of Delek as a defendant does not immunize the Davis and Yeager actions from the first filed rule. Davis and Yeager named Delek merely as MAPCO's parent company. (Exhibit B at ¶ 6; Exhibit C at ¶ 6). Delek is not alleged to have done anything except passively own MAPCO, so Delek's

6

inclusion does not introduce any issue absent from the Burton Action. (*See* Exhibit A at ¶ 6) (discussing Delek's status as MAPCO's parent).[3]

The first filed rule applies even where the parties are not identical. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action"). As long as the parties overlap, the rule applies. *Manuel*, 430 F.3d at 1135; *see also Goldsby v. Ash*, 2010 WL 1658703 at *4 (M.D. Ala. April 22, 2010) (finding that defendants in two suits were "effectively substantially similar" – even though there were no common defendants – because one suit named a corporation and the other suit named current or former employees of the corporation).

Where, as here, the difference in parties makes no difference in the underlying suit, the presence of an additional party does not affect the applicability of the first filed rule. *See*, *e.g.*, *Reinsdorf v. Academy, Ltd.*, 2013 WL 2149673 at *2 (M.D. Tenn. May 16, 2013) (consolidating cases where the defendant in the first filed action was a distributor for the defendant in the second action); *Rudolph and Me, Inc. v. Ornament Cent., LLC*, 2011 WL 3919711 at *2 (M.D. Fla. Sept. 7,

---

[3]   Oddly, the Davis and Yeager complaints include in Paragraph 7 the exact same language about Delek as appears in Burton's complaint at Paragraph 6, even though the Davis and Yeager complaints mention Delek in previous paragraphs.

7

2011) (transferring where "central defendant" was the same in both actions and additional defendants were not separate entities from central defendant).

## CONCLUSION

MAPCO has filed this motion to dismiss or transfer and stay in the Burton, Davis, and Yeager Actions. While the Eleventh Circuit clearly empowers the first-filed Court to apply the first filed rule to later actions – *see Collegiate Licensing Co.*, 713 F.3d at 78 – second-filed courts have applied the rule as well. *See*, *e.g.*, *SunSouth*, 2013 WL 500348 at *4 (transferring to first filed court); *Abatte*, 2010 WL 3446878 at *5–6 (same). Accordingly, MAPCO addresses its motion to both the first- and second-filed Courts.

Under the first filed rule, the Davis and Yeager Actions are due to be dismissed. Alternatively, MAPCO requests that the Davis and Yeager Actions be stayed and transferred to Judge Haikala for consolidation with the Burton Action.

Respectfully submitted this 3rd day of July, 2013.

                                                              s/ John E. Goodman
                                       One of the Attorneys for Defendants
                                       Mapco Express, Inc. and Delek US
                                                     Holdings, Inc.

<u>OF COUNSEL:</u>

Michael R. Pennington
John E. Goodman
J. Thomas Richie
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8000; Facsimile: (205) 521-8800
mpennington@babc.com
jgoodman@babc.com
trichie@babc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 3, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      E. Kirk Wood
      WOOD LAW FIRM, LLC
      P.O. Box 382434
      Birmingham, Alabama 35238-2434
      Telephone:  (205) 612-0243
      Facsimile:  (866) 747-3905
      E-mail:  ekirkwood1@bellsouth.net

                                              s/ John E. Goodman
                                                  Of Counsel